UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLOTTE GARTLAND,
an individual,

                                                                   Case No.

        Plaintiff,

v.

AMERICAN EXPRESS COMPANY,
a foreign corporation,

        Defendant.
_____/

## COMPLAINT

NOW INTO COURT, comes Plaintiff, Charlotte Gartland, by and through undersigned counsel, and hereby sues Defendant, American Express Company, and for a cause of action states as follows:

## JURISDICTION

1. This is a cause of action in which there is diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00, as set forth in the provisions of 28 U.S.C. §1332.

## VENUE

2. At all times material hereto Defendant was doing business within the Middle District of Florida, out of which business this cause of action arises.

## PARTIES

3. Plaintiff, Charlotte Gartland, is a citizen of the State of Florida, County of Volusia, and is an individual of the full age of majority.

4. Defendant, American Express Company, is a foreign corporation authorized to do and doing business in the State of Florida, within the Middle District of Florida.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

5. From April 14, 2008 to May 1, 2018, Plaintiff was an employee of Defendant American Express Company. In connection with said employment, Plaintiff was entitled to salary and other benefits as well as compensation pursuant to what is referred to by Defendant as the Long Term Incentive Award (hereinafter "LTIA") agreement.

6. All of the documents in Plaintiff's possession evidencing Defendant's obligations pursuant to the LTIA agreement are attached hereto as Composite Exhibit A.

7. In and around the Spring of 2018, Plaintiff was contemplating her retirement from employment with Defendant. In doing so, Plaintiff reviewed all the compensation to which she would be entitled at or around the time of her retirement.

8. Plaintiff contacted Defendant's representative concerning her entitlement to the LTIA agreement compensation and specifically discussed her alternatives in connection therewith.

9. The precise details of Plaintiff's retirement date were specifically discussed with representatives of Defendant's Long Term Incentive Award Services Department, who, in

response to those specific inquiries, affirmatively stated that Plaintiff's retirement date of May 1, 2018 would have no impact on her entitlement to the LTIA agreement compensation at issue.

10. Defendant's representative knew or should have known that Plaintiff was relying on the representations made by them regarding her entitlement to the LTIA agreement compensation and that her anticipated May 1, 2018 retirement date would have no negative effect on her entitlement thereto.

11. Pursuant to the provisions of the LTIA agreement, Plaintiff was properly paid the compensation to which she was entitled as a result of the provisions of said program, *i.e.*, the sum of $75,000.00 was paid on July 31, 2015, which money Defendant deposited into Plaintiff's account with Morgan Stanley.

12. While Plaintiff had agreed that Defendant could deposit monies *into* her Morgan Stanley account, she at no time agreed that Defendant would have the right to *withdraw* monies from that account.

13. The money deposited by Defendant remained in Plaintiff's account with Morgan Stanley where it was properly invested and was earning significant returns. As of September of 2018, the value of the LTIA was $104,710.83.

14. Plaintiff proceeded with her retirement on May 1, 2018, as planned and previously discussed with Defendant's representatives.

15. Plaintiff was not compelled to retire on that date.

16. The LTIA agreement compensation money remained in Plaintiff's Morgan Stanley account until Fall of 2018. Sometime during that period of time, Defendant, unilaterally and without the knowledge of Plaintiff, withdrew an amount in excess $75,000 from Plaintiff's Morgan Stanley account. Defendant, despite request, has refused to provide the specific date or amount.

17. Prior to Defendant's unilateral withdrawal of the money from Plaintiff's account, Defendant did not advise Plaintiff of its intent to do so.

18. Plaintiff did not consent to the unilateral withdrawal.

19. Thereafter, Plaintiff made good faith efforts to determine the reason for Defendant's unilateral acts.

20. Defendant attempted to assert some rights to the money but failed and refused to respond to Plaintiff's inquiries about the matter.

21. There was reference by Defendant to the notion that Plaintiff retired "too early" by 33 days to be entitled to the LTIA agreement compensation.

22. Plaintiff could have delayed her retirement by that period of time.

23. Plaintiff has suffered damages in the form of not only the monies removed from her account but also the earnings which she would have otherwise received had the money remained on deposit in her account with Morgan Stanley.

24. Plaintiff has complied with all conditions precedent to bring this cause of action.

25. Plaintiff has made demand for the monies claimed in the instant cause of action,

to no avail.

26. Plaintiff was required to hire the law firm of Herbert M. Hill, P.A. and has incurred and will incur attorney's fees and costs in order to enforce the rights claimed hereunder.

## COUNT I- BREACH OF CONTRACT

27. Plaintiff incorporates by this reference the allegations in paragraphs One (1) to 26, above.

28. As part and parcel of her work performance over a more than ten (10) year period, Plaintiff met the terms and provisions of LTIA agreement and is therefore entitled to compensation provided pursuant to the terms thereof.

29. Plaintiff is entitled to the compensation pursuant to the LTIA agreement and is entitled to interest thereon as well as attorneys fees and costs.

## COUNT II- CONVERSION

30. Plaintiff incorporates by this reference the allegations in paragraphs One (1) to 26, above.

31. Defendant acted with full knowledge that it was taking money out of an account which was, and remains, solely owned by Plaintiff.

32. Defendant had no right to any of the proceeds in Plaintiff's Morgan Stanley account.

33. Defendant's unilateral removal of Plaintiff's money from the Morgan Stanley account, to which Defendant had no right, is conversion thereof, as Plaintiff's use and

enjoyment of her rightful property has been, and continues to be, intentionally and substantially interfered with by Defendant's actions.

34. Defendant has refused to respond to legitimate inquiries regarding its actions.

35. Plaintiff claims entitlement to a return of the monies improperly withdrawn from Plaintiff's Morgan Stanley account, and interest thereon, as well as attorney's fees and costs.

## COUNT III - EQUITABLE ESTOPPEL

36. Plaintiff incorporates by this reference the allegations in paragraphs One (1) to 26, above.

37. Defendant voluntarily and specifically told Plaintiff that she was eligible for Full Retirement as of May 1, 2018 through its agents in its Long Term Incentive Award Services Department to whom Plaintiff spoke to twice prior to providing notice to Defendant of her intent to retire.

38. Defendant was aware that Plaintiff was relying on the representations made concerning her retirement date and the LTIA agreement compensation.

39. By affirmatively communicating to Plaintiff that she was eligible for full retirement benefits and assuring her that her retirement date would not negatively impact her entitlement to the LTIA agreement compensation at issue, Defendant knew that Plaintiff would rely on those representations in her decision to proceed with the May 1, 2018 retirement date.

40. These communications by Defendant induced Plaintiff to act in good faith on her

belief that her LTIA agreement compensation, which was an important part of her retirement funds, was protected and, accordingly, Plaintiff altered her course of conduct by choosing to retire on May 1, 2018.

41. The LTIA agreement allows for employees to retire prior to their vesting date, if the retirement date is more than one year following the date of grant, as in the instant case.

42. The doctrine of Equitable Estoppel precludes Defendant from using its own voluntary conduct of informing Plaintiff that her retirement date would not affect her LTIA agreement compensation as a basis for its unilateral withdrawal from her account in excess of $75,000.00 due to the retirement date it approved.

43. Defendant has made vague reference to what amounts to a 33 day shortfall in Plaintiff's employment tenure with Defendant as the basis for Defendant's actions, without elaboration or response to Plaintiff's inquiries regarding the subject.

44. Plaintiff could have delayed her retirement had Defendant's representatives informed her of this alleged shortfall.

45. Plaintiff relied on Defendant's communications in good faith and changed her position, as a result, to her detriment.

46. Defendant knew Plaintiff was relying on the representatives made and that Plaintiff was engaging in a course of conduct in reliance thereon.

47. Plaintiff claims entitlement to a return of the monies improperly withdrawn from Plaintiff's Morgan Stanley account, and interest thereon, as well as attorney's fees and costs.

## IV. ALTERNATIVELY, EMPLOYEE RETIREMENT INCOME SECURITY ACT CLAIM

48. Plaintiff incorporates by this reference the allegations in paragraphs One (1) to 26, above.

49. It is Plaintiff's contention that the federal statute commonly referred to as "ERISA," 29 *U.S.C.* §10-00, *et seq.*, does not apply to the instant claim.

50. In the event the Court determines that ERISA does apply to the LTIA agreement, this Count is offered as the basis for Plaintiff's recovery.

51. On November 26, 2018, Plaintiff submitted documents which would be considered an "Administrative Appeal" pursuant to the administrative process envisioned by ERISA.

52. A copy of the document referenced in paragraph 51 above is attached hereto (without enclosures) as Exhibit B.

53. Defendant failed and refused to submit any type of substantive response to the foregoing Administrative Appeal.

54. Plaintiff has exhausted the Administrative Process, to the extent possible as Defendant has refused to participate.

55. If ERISA applies to this claim, Plaintiff is entitled to a *de novo* review of her benefit entitlement as Defendant has never rendered a benefit determination of the type required by the federal regulations promulgated pursuant to ERISA.

56. Plaintiff claims entitlement to a return of the monies improperly withdrawn from

Plaintiff's Morgan Stanley account, and interest thereon, as well as attorney's fees and costs.

WHEREFORE, Plaintiff prays for entry of Judgment in her favor awarding the relief outlined in Paragraphs 29, 35, 47 and 56 above and for interest, attorney's fees and costs.

DATED: February 12, 2020

_____
Herbert M. Hill, Esquire, Trial Counsel
Florida Bar No. 328464
Michael Ann Woodard, Esquire
Florida Bar No. 116479
Herbert M. Hill, P.A.
Post Office Box 2431
Orlando, FL 32802
Office: 407/839-0005
Fax:    407/839-1118
Email:  hmh@herbertmhill.com
        Maw@herbertmhill.com
Counsel for Plaintiff